1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCOTT BOWTHORPE,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:13-cv-1573-BAM<br><br>ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |

## **INTRODUCTION**

Plaintiff Jeremy Bowthorpe ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Titles II and XVI of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.

**FACTS AND PRIOR PROCEEDINGS**

On January 22, 2010 and January 27, 2010, Plaintiff filed his current applications for disability beginning on October 9, 2009. AR 144,153.[1] Plaintiff's applications were denied initially and on reconsideration. AR 52, 66. Subsequently, Plaintiff requested a hearing before an ALJ. AR 77-78. ALJ Edward C. Graham held a hearing on December 15, 2011, and issued an order denying benefits on December 22, 2011. AR 23-28. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review on August 6, 2013. AR 1-6. This appeal followed.

**Plaintiff's Testimony**

The ALJ held a hearing on December 15, 2011, in Palmdale, California. AR 34-47. Plaintiff appeared and testified. AR 23. He was represented by attorney Brian Reed. AR 23.[2]

Plaintiff was born on April 21, 1979 and was 32 years old at the time of the hearing. AR 37. He began having mental health problems in October 9, 2009. AR 38. Specifically, he has been diagnosed with bipolar disorder, depression, and mood disorder problems and is currently being treated with Wellbutrin and Depakote. AR 38-39. He has not worked since April 2009. AR 39-40.

As a result of these conditions, Plaintiff estimated that he may miss ten to fifteen days of work a month due to being in a bad mood, not wanting to leave the house, or just not wanting to do anything. AR 41. He does not think he can maintain a job because of his anger problems and instability. AR 40. Although Plaintiff is being treated by a physician for high blood pressure and other physical conditions, his mental health problems are the only issues keeping him from working. AR 40.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[2] Vocational Expert Alan E. Cummings also testified at the hearing, however, the testimony will not be summarized because it is not relevant to this appeal.

2

When asked about his daily activities, Plaintiff stated that during the day he usually sits and watches TV or sleeps. AR 41. He has five children ages three, seven, twelve, thirteen, and fourteen. His wife is not employed outside the home as she is the primary caregiver of the children. AR 42. The family relies on cash aid and food stamps to provide for their family. AR 42. He also testified that he has no friends and does not leave the house except to go grocery shopping with his wife once a month. AR 42.

**Medical Record**

The entire medical record was reviewed by the Court. AR 256-434. The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 23-29. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since October 9, 2009. AR 25. Further, the ALJ identified borderline personality disorder as a severe impairment. AR 25. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 25.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work as a warehouse worker, cashier, fast food worker/cook, forklift driver, or construction laborer. AR 28. He also found that the Plaintiff could perform a significant number of other jobs that exist in the national economy including a packager, cleaner, and dishwasher. AR 28. As a result, Plaintiff was not disabled under the Social Security Act. AR 28.

///

///

3

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 2002).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir.

1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). Here, Plaintiff argues that the ALJ's credibility determination is improper.

## DISCUSSION

**1. The ALJ Did Not Err in Discrediting Plaintiff's Subjective Symptom Complaints**

Plaintiff argues that the ALJ failed to provide clear and convincing evidence for finding Plaintiff's subjective testimony not credible. (Doc. 13 at 5-8). In reply, the Commissioner asserts that the ALJ adequately articulated reasons for discrediting Plaintiff. (Doc. 14 at 4-7). A review of the record reveals the ALJ properly assessed Plaintiff's credibility.

A two-step analysis applies at the administrative level when considering a claimant's credibility. *Treichler v. Comm. of Soc. Sec.*, --- F. 3d --- 2014 WL 7332774 *9 (9th Cir. Dec. 24, 2014). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings and provides clear and convincing reasons for doing so. *Id.* The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight."). Other factors an ALJ may consider include: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the applicant's daily activities. *Smolen v. Chater*, 80

F.3d 1273, 1282 (9th Cir. 1996). Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may rely, in part, on his or her own observations which cannot substitute for medical diagnosis. *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's statements concerning "the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 28. This finding satisfied step one of the credibility analysis. *Smolen*, 80 F.3d at 1281-82.

Because the ALJ did not find that Plaintiff was malingering, he was required to provide clear and convincing reasons for rejecting Plaintiff's testimony. *Smolen*, 80 F.3d at 1283-84; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (as amended). When there is evidence of an underlying medical impairment, the ALJ may not discredit the claimant's testimony regarding the severity of his symptoms solely because they are unsupported by medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); SSR 96-7. Moreover, it is not sufficient for the ALJ to make general findings; he must state which testimony is not credible and what evidence in the record leads to that conclusion. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell*, 947 F.2d at 345-46.

Here, the ALJ gave the following reasons for discounting Plaintiff's credibility :

> I cannot rely on the claimant's testimony as establishing greater limitations than those set forth above, because his statements are not entirely credible. At the hearing, it was noted that he appeared normal-looking and healthy. He testified that he was prescribed Wellbutrin and Depakote, which are very mild medications. It was also noted that he was not entirely credible. Dr. Kent noted that he exhibited significant discrepancy between his reports of problems controlling his anger and depression versus observations during the evaluation which revealed no real difficulties with anger control and no evidence of any

significant sustained depression. The claimant's daily activities are also inconsistent with his allegations. He does not appear to be too motivated to work; he admitted that he was fired from most jobs; alleging that "I don't take orders very well." He testified that he lived with his wife and five children, ranging in ages, 3, 7, 12, 13, and 14, he watched television, grocery shopped with his wife and slept all day. He told Dr. Jordan that he got his children ready for school and he talked to his mother once a week. On his Function Report, he reported that he did household chores, did yard work, attended church services and enjoyed playing video games. I find that claimant's inconsistencies negatively impact his credibility and do not permit reliance on his statements.
AR 27-28.

Thus, the ALJ provided several reasons for rejecting Plaintiff's testimony including Plaintiff's response to treatment, inconsistencies between the Plaintiff's reported symptoms and the an examining doctor's findings, and inconsistencies in Plaintiff's testimony regarding his activities of daily living. These findings are supported by the record.

With regard to Plaintiff's treatment, on January 1, 2010, he was admitted to the emergency room on a 5150 after reports by his family that he was holding a gun to his head and threatened to kill himself while he was intoxicated. AR 26; 281-285; 382-383, 387-390. He was transferred for further evaluation and treatment the following day. 379-380. He was evaluated by Kern County Mental Health on January 8, 2010. AR 379-380; 423-429. At that time, no suicidal ideation was reported and he was released on January 9, 2010. AR 429, 364. He returned to crisis intervention services after banging his head against the wall on January 30, 2010. He was discharged the next day.[3] AR 365, 386.

Plaintiff received treatment at College Community Services for his psychological condition beginning January 16, 2010, until the time of the hearing. AR 414-422. In January 2010, he was diagnosed with major depression without psychosis (rule out bipolar mood disorder without psychosis). AR 419. Consistent with Plaintiff's testimony, he was seen once a month or every other

---

[3] Plaintiff also was seen for further psychiatric evaluation on January 11, 2010. AR 386.

7

month by Dr. Goklaney to fill prescriptions for psychotropic medications. AR 38-39; 415-416. Thus, although Plaintiff experienced a psychological crisis early in 2010, there is no indication in the record that Plaintiff has not stabilized while on psychotropic medication and the ALJ's reliance of this factor is proper. *See, Warre v. Comm'r Soc. Sec.* 439 F. 3d 1001, 1006 (9th Cir. 2006)("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for disability); *Matthews v. Shalala,* 10 F. 3d 678, 680 (9th Cir. 1993) (claimant's allegations of disabling symptoms not credible where claimant use of medications controls symptoms).

The ALJ also properly relied upon the findings of psychiatrist Dr. Kent Jordan, M.D., a state agency psychiatrist, who conducted a psychiatric assessment of Plaintiff on September 1, 2011. AR 341-346. Dr. Jordan noted that Plaintiff had a cooperative attitude, he completed concentration tasks in a correct and timely manner, and his thought processes were concrete and goal directed. AR 343-344. Dr. Jordan also found that there was a significant discrepancy "between Plaintiff's assertions of problems with anger and depression" and his behavior which "revealed no difficulties with anger control and no evidence of any significant depression or any other Axis I psychopathology." AR 345. AR 215, 342. Thus, the ALJ relied on an medical expert's opinion that Plaintiff was exaggerating his symptoms which is a clear and convincing reason to discount Plaintiff's testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (claimant properly discredited because of "tendency to exaggerate"); *Matthews v. Shalala*, 10 F.3d at 680 (9th Cir. 1993) (claimant's complaints properly rejected because physician reported claimant's symptoms were amplified.)

Finally, the ALJ properly relied upon inconsistent statements Plaintiff gave regarding his daily activities. AR 27. For example, Plaintiff testified that he does not help with his children and just watches television or sleeps while at home. AR 42. However, Plaintiff told Dr. Jordan that he gets

up at 6:00 a.m. to get his children off to school and helps his wife prepare food at home. AR 343. Similarly, Plaintiff testified that he only never leaves the house except to go grocery shopping once a month, but in his function report he wrote that he attends church every Sunday. AR 42, 215. Finally, in the function report, Plaintiff indicated that he cannot concentrate on things or pay attention very long, yet he stated that he plays video games all of the time and plays them very well. AR 215-216. All of these statements are inconsistent with his testimony that he just watches television and sleeps all day, and that he does not help at home. Contradictions between complaints on an activity questionnaire and hearing testimony is a basis for an adverse credibility finding. *Berry v. Astrue*, 622 F. 3d 1228, 1234 (9th Cir. 2010). Moreover, an ALJ may consider inconsistencies in testimony and an exaggeration of symptoms when weighing credibility. *Bickell v. Astrue*, 343 Fed.Appx. 275 (9th Cir. 2009) ("[i]nconsistencies and a tendency to exaggerate provide a valid basis for discrediting the testimony of a claimant"); *Bray v. Comm. of Soc. Sec.*, 554 F. 3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities and work record, among other factors"); *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008) (The ALJ can consider many factors when evaluating a claimant's credibility, such as claimant's prior inconsistent statements concerning her symptoms).

Given the above, the ALJ provided clear and convincing reasons that are supported by substantial evidence in concluding Plaintiff's subjective symptom testimony was not credible. Here, the ALJ clearly identified what testimony he found not credible and what evidence undermined Plaintiff's complaints. *Lester v. Chater,* 81 F.3d at 834. If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Accordingly, the ALJ's credibility findings are free of legal error.

///

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Jeremy Scott Bowthorpe.

IT IS SO ORDERED.

Dated: __**February 9, 2015**__          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE